# SUPREME COURT.

## THE PEOPLE agt. ALONZO SNYDER.

The defendant was indicted for selling strong and spirituous liquors in November, 1855. The indictment contained twelve counts, nine of which were framed under the late prohibitory law, passed April, 1855. Two charged the sales to have been made without any lawful authority in any way; and one charged the sale of distilled spirits, which had been adulterated with poisonous substances, knowing them to be so adulterated. And on the trial it was proved that the defendant kept a public house, and that brandy, gin and whiskey had been procured and purchased at his house at different times during the fall of 1855; but no proof showing whether the liquors were intoxicating or not, or in what quantities they were sold; and the judge charged the jury that the provisions of the law on which this indictment was found were constitutional; (this being before the adjudication thereon by the court of appeals;) that it was not necessary to show that the liquors described by the witnesses were intoxicating liquors; that the qualities of the liquors might be inferred by the jury from the description given of them—and the jury found a general verdict of guilty.

*Held*, on exceptions to the charge, that, as it had turned out, the charge of the judge, that the prohibitory act of April, 1855, was constitutional, was erroneous, and the conviction should be reversed on that ground.

There was no evidence to show that any other law had been violated, as it did not appear in what quantities, nor whether in quantities under five gallons, that brandy, gin and whiskey had been sold by the defendant.

*Submitted Cayuga General Term, Jan.,* 1856.

T. R. STRONG, WELLES *and* SMITH, *Justices.*

CERTIORARI to the court of sessions of Livingston county.

The defendant was indicted in the court below in November, 1855, for selling strong and spirituous liquors. The indictment contained twelve counts: the 1st, 2d, 3d, 7th, 8th, 9th, 10th, 11th and 12th of which, charged the sales to have been in violation of the act passed April 9th, 1855, entitled "An Act for the Prevention of Intemperance, Pauperism and Crime." The fourth and fifth counts charged the sales to have been made "without any lawful authority, admission, or allowance of, and without being licensed by the commissioners of excise of said

town of Springwater, nor in any other way authorized by law;" and the sixth count was for selling " distilled spirits which had been adulterated with poisonous substances," to wit, &c., " he the said Alonzo Snyder, well knowing the said spirits to be so adulterated," &c., against the form of the statute in such case made and provided. In each count the time of selling was laid the 7th Nov., 1855.

The defendant pleaded not guilty, and the issue was tried at a term of said court of sessions held in January, 1856, when the jury found a general verdict of guilty.

The bill of exceptions taken at the trial, which the county court of sessions has returned, shows that it was proved on the trial that Snyder, the defendant, was, in the fall of the year 1855, a keeper of a public house in the village of Springwater in said county, and that brandy, gin and whiskey had been procured and purchased at his, defendant's, house at different times during last fall, but no evidence showing further the property of the liquors so procured, whether they were intoxicating or not.

The evidence in the case being closed, the defendant's counsel contended, among other things, that the law under which the indictment was found was unconstitutional, and that there was no evidence that the liquors mentioned by the witnesses were intoxicating.

The court overruled these propositions, and charged the jury substantially as follows : That the provisions of the law on which this indictment is found, are constitutional; that it was not necessary to show that the liquors described by the witnesses were intoxicating liquors ; that the qualities of the liquors might be inferred by the jury from the description given of them.

The defendant's counsel duly excepted to each of these particulars of the charge.

A. A. HENDEE, *for defendant.*
JAMES WOOD, jr., *district attorney, for the people.*

By the court—WELLES, Justice. The conviction in this case cannot be upheld. Nine of the counts in the indictment were framed under the late prohibitory statute, which has been held, by the court of appeals, unconstitutional in respect to those parts of it prohibiting the sale of intoxicating liquors, and the penalties which it annexes to the violation of those provisions. So far as the conviction is founded on those counts, it is clearly illegal, as no valid judgment could be given upon it. At the time of the trial, the question of the validity of the act had not been adjudicated by the court of appeals. The charge of the court below, that the law was constitutional, was, nevertheless, erroneous, according to the exposition since given to it by the court of appeals.

It is quite apparent that the case was tried upon the counts under the statute of 1855, as the bill of exceptions does not show that any other law had been violated. It states that it was proved on the trial that brandy, gin and whiskey had been purchased at the defendant's house at different times, but it does not appear in what quantities, nor whether in quantities under five gallons. Assuming, therefore, that the excise laws, in force at the time of the passage of the act of April, 1855, are still in force, it was an error in the court below to instruct the jury that the provisions of the law upon which the indictment was founded, were constitutional; because much the largest portion of the counts are founded upon a law since declared unconstitutional; and we have seen that the evidence would apply to that law, and not to the excise laws in existence at the time of its enactment.

Whether those excise laws, or such of them as are inconsistent with the late prohibitory enactment, are still in force, it is not necessary to decide in this case. Upon that question there are differences of opinion.

It was held by the court of sessions in Monroe county, in April last, in the case of *The People* agt. *Breakey*, that by force of the 24th section of the law of 1855, the previous excise laws, or such provisions of them as were inconsistent with that law, were repealed. The only fallacy in the reasoning of the

county judge in that case, in an able opinion delivered by him on the occasion, (if any fallacy exists,) which I have discovered, consists in regarding the act of 1855, for the purposes of the question, whether the previous excise laws were inconsistent with that act, as constitutional. If he was wrong in that, the error was fatal to his conclusion.

It might, I think, be contended with much plausibility, that there can be no such inconsistency between the provisions of a statute, valid in its creation, and the provisions of one subsequently enacted, which never had any validity by reason of its unconstitutionality, as to invalidate the former.

The conviction in this case, however, is reversed, upon the other grounds mentioned.